EDWIN A. LOMBARD, Judge.
 

 11 This appeal is from the trial court judgment court affirming a ruling issued on November 25, 2007, by the Louisiana State Board of Medical Examiners (the “Board”) that imposed disciplinary action on Dr. Joseph G. Pastorek for numerous violations of the “Pain Management Rules,” 45 La. Adm.Code §§ 6915-6923, relating to prescriptions of controlled substances for 16 different patients. After
 
 de novo
 
 review of the record in light of the applicable law and arguments of the parties, the judgment is affirmed.
 

 Relevant Facts and Procedural History
 

 On May 5, 2006, the Board subpoenaed the records of 62 patients of Dr. Pastorek. Based on 16 of these patient files, the Board filed a formal Administrative Complaint,
 
 In the Matter of Joseph G. Pastorek, II, M.D.,
 
 (certificate No. 14420), 07-A-005, on February 13, 2007, charging Dr. Pastorek with violations of the Medical Practice Ace, La.Rev.Stat. §§ 37:1261
 
 et seq.,
 
 and, in particular, the Pain Management Rules. During a two-day Administrative Hearing in September 2007, a panel of four physician members of the Board reviewed the medical records and ques
 
 *836
 
 tioned Dr. Pastorek, as well as a DEA agent and the mother of another of Dr. Pastorek’s patients pertaining to an earlier | ¿complaint filed with the Board which resulted in a Consent Judgment. Dr. Pasto-rek presented 2 of the 16 patients as his own witnesses, as well as Dr. Frank Fisher, a California physician who opined that Dr. Pastorek’s treatment fell within the standard of care as defined by the pertinent medical literature on the narcotic treatment of patients with chronic pain.
 

 The Board issued its ruling on November 25, 2007, finding that Dr. Pastorek’s practice of medicine failed to satisfy the prevailing and usually accepted standards of medical care in Louisiana and that he had prescribed controlled substances without legitimate medical justification. Accordingly, the Board suspended Dr. Pasto-rek’s license for three years, imposed a fine of $5000.00, and prohibited Dr. Pasto-rek from practicing pain medicine for the remainder of his career.
 

 In his request of judicial review, Dr. Pastorek claimed that the Board erred in relying on an outdated version of the Pain Rules, failing to prove that Dr. Pastorek did not meet the appropriate standard of care, and in offering no rebuttal to Dr. Fisher’s testimony that the Pain Rules were not synonymous with the standard of care or to Dr. Fisher’s opinion that Dr. Pastorek complied with the standard of care. Dr. Pastorek also alleged that the Pain Rules were unconstitutionally vague, the penalty was too harsh, and that the Board improperly quashed a subpoena, made findings not alleged in the complaint, and arbitrarily and capriciously denied his request for a public hearing. After a hearing on March 7, 2008, the district court affirmed the Board’s decision in all respects and denied Dr. Pastorek’s request for a stay order. Shortly thereafter, the district judge issued a written judgment, finding that the Board’s ruling was supported by a preponderance of the |,-.evidence and did not prejudice the rights of Dr. Pastorek. Dr. Pastorek appeals this decision.
 

 Discussion
 

 On appeal, the appellant assigns as error: (1) the Board’s application of an outdated version of the Pain Rules; (2) the Board’s quashing of a subpoena for Dr. Cecilia Mouton, the Board’s Director of Investigations; (3) the Board’s failure to prove that Dr. Pastorek did not meet the standard of care for pain management; (4) the violation of Dr. Pastorek’s due process rights by penalizing him for conduct not charged in the Administrative Complaint; (5) the unconstitutional vagueness of the Pain Rules or, alternatively, the Board’s failure to prove Dr. Pastorek’s assessments of drug abuse were unreasonable or that his physical examinations were inappropriate.
 

 Standard of Review
 

 The imposition of an administrative sanction is in the nature of a disciplinary measure and we will not set aside an administrative agency’s decision to impose a particular sanction unless that decision is arbitrary, capricious or an abuse of discretion.
 
 Armstrong v. La. Bd. Of Med. Examiners,
 
 03-1241, p. 10 (La.App. 4 Cir. 2/18/04), 868 So.2d 830, 838. Pursuant to La.Rev.Stat. 49:956(4), an “agency’s experience, technical competence, and specialized knowledge may be utilized in the evaluation of the evidence” and, accordingly, upon review of administrative actions, we recognize “the strong presumption of validity and propriety in such administrative actions where casting judgment upon the professional behavior of a fellow member of a profession is a matter peculiarly within the expertise of an agency composed of members of that profession.”
 
 Armstrong,
 
 at pp. 10-11, 868 So.2d at 838 (citation
 
 *837
 
 omitted). Thus, given the | jurisprudential presumption of correctness of an agency’s action, the appellant has the burden of proving the record contains no facts to establish the validity of the charges levied against him.
 
 See Armstrong, supra.
 

 Assignment of Error No. 1
 

 The appellant claims that although the Pain Rules were significantly amended in April 2000, and the Administrative Complaint properly cited the current version of the Pain Rules, the Board’s ruling cites the earlier 1997 version of the rule that required a full medical history and complete physical exam prior to prescribing narcotic pain medication. The appellee responds that the citation to the earlier version of the rule in its opinion was inadvertent and that the Board did not, in fact, require the higher standard of a “complete” physical examination in any of its specific findings.
 

 The current version of the pertinent rule, as amended in April 2000, provides that the evaluation of a patient should include the
 
 relevant
 
 medical, pain, alcohol and substance abuse histories and an
 
 appropriate
 
 physical examination. La. 46:6921(A)(1). Although the Board’s ruling does, in fact, recite the earlier version of the rule, requiring a
 
 full history,
 
 including
 
 complete
 
 medical, pain, alcohol and substance abuse histories ..., “a review of the specific findings as to each of the sixteen patients that the Board’s ruling is based upon supports the Board’s claim that although the older version of the rule was inadvertently recited, its decision was based on the current version of the rule. Specifically, the Board made the following findings with respect to the appellant’s examination of specific patients:
 

 (1) J.S.: “No appropriate physical examination was given ...”
 

 (2) J.L.: “failed to perform a physical examination relevant to the patient’s complaints.”
 

 |s(3) J.B.: “failed to give a physical examination relevant to J.B.’s complaint. ...”
 

 (4) J.B.: “failed to to give him a physical examination that addressed his complaint ...”
 

 (5) K.H.: “failed to perform a physical examination appropriate to the complaint ...”
 

 (6) S.C.: “failed to give a physical examination appropriate to the complaints”
 

 (7) MA.: Failed to give a physical examination appropriate to complaints.
 

 (8) C.P.: “was not given an adequate or appropriate physical examination.”
 

 (9) J.N.: “failed to give any physical examination....”
 

 Thus, there is nothing in the Board’s ruling to support the appellant’s claim that the Board required the more stringent standard of “a complete examination.”
 

 Likewise, a review of the Board’s ruling provides no support for the appellant’s claim that the Board imposed a higher standard on him, requiring him to offer alternative treatment, consult with one or more specialists for additional evaluation and/or treatment, and maintain a patient’s entire medical history.
 

 Finally, the appellant argues that the district court accepted new testimony at the appellate level pursuant to counsel’s explanation at the hearing that, in effect, he could only assume that the incorrect version of the rule appeared in the preamble of the Board’s ruling because “somebody’s got it in the word processor somewhere and it plugged in the prior-to-the revision rules.” The appellant’s argument that an attorney’s speculative comment in oral argument is substantive new testimo
 
 *838
 
 ny requiring reversal of the trial court judgment is novel but meritless.
 

 \ (Assignment of Error No. 2
 

 Next, the appellant claims that the Board erred in quashing a subpoena for Dr. Cecelia Mouton, the Board’s Director of Investigations. The appellant argues that because the Board had dismissed a similar complaint against him in July 2005 pursuant to an investigation of that complaint, he should have been allowed to question Dr. Mouton as to the basis of the 2005 investigation and the Board’s evaluation and dismissal of the complaint.
 

 Dr. Mouton was not the Director of Investigations in 2005 when the earlier complaint was dismissed and had no first hand knowledge of the appellant’s interactions with the patients who formed the basis of the administrative complaint at issue. Accordingly, the Board’s decision to quash the subpoena was neither arbitrary nor capricious.
 

 This assignment of error is without merit.
 

 Assignment of Error No. 3
 

 The appellant argues that the Board failed to prove that he did not meet the standard of care for pain management because the Board did not rebut his expert witness’s testimony pertaining to the applicable standard of care.
 

 The standard of care pertinent to this case is established by the documentary requirements enumerated in the Pain Rules which are self-proving and have the force of law.
 
 Armstrong,
 
 03-1241 at p. 13, 868 So.2d at 839;
 
 see also
 
 § 6923 of the Pain Rules (any violation of or failure to comply with Pain Rule provisions shall be deemed violation of La.Rev.Stat. 37:1285(6) and (14) and cause for suspension of a physician’s license to practice medicine). The practice of prescribing controlled substances for the relief of non-malignant pain unaccompanied by appropriate ^testing, diagnosis, oversight and monitoring falls below generally accepted standards of care.
 
 Armstrong,
 
 03-1241 at p. 15, 868 So.2d at 840.
 

 The Board is made up of physicians and is statutorily authorized to rely upon its own medical expertise, La.Rev.Stat. 49:956(3), and, unlike a jury of laypersons, a panel of physicians are able to evaluate medical issues without the assistance of expert testimony. Moreover, it is noteworthy that whereas the four physicians on the panel reviewing the allegations against the appellant are licensed to practice medicine in Louisiana, the appellant’s purported expert witness, Dr. Frank Fisher, is a general practitioner licensed in the State of California, who neither completed a residency in any field nor received certification by the American Board of Medical Specialties in any field. Dr. Fisher testified that he acquired his expertise in the field of Pain Management as a result of being the most investigated and prosecuted physician in the history of pain medicine in the State of California. Accordingly, we find no merit in the appellant’s argument that the lack of rebuttal testimony in relation to Dr. Fisher’s testimony constitutes grounds for reversal of the Board’s determination that the appellant failed to meet the applicable standard of care.
 

 Assignment of Error No. ⅛.
 

 The appellant contends that the Board violated his due process rights by penalizing him for conduct that was not charged in the Administrative Complaint, citing the Board’s findings on patients C.P. and J.R. However, a review of the pertinent portions of the allegations in the complaint reveals that the allegation pertaining to C.P. indicated the following:
 

 
 *839
 
 Patients Crystal P. (23 years old) and Johnny C. (21 years old) ... each presented to Global with the identical MRI report (same number on report identical language) and repeatedly appeared together on the Usame date for prescription refills.... At no time did Dr. Pas-torek challenge the accuracy of the “documentation” presented by the patients nor did he confront the patients concerning the obviously false MRI report which was demonstrative of the patients’ attempt to obtain narcotics through fraudulent means.
 

 Thus, the Board’s finding that the patient C.P. brought documentation which did not justify treatment is not beyond the scope of the allegation.
 

 With regard to patient J.R., the appellant argues that the Board’s finding that he failed to collaborate with her treating physicians despite her extensive medical history was not within the scope of the allegations in the Administrative Complaint and, therefore, with respect to J.R., he “disregarded signs of medication misuse or diversion and neither terminated controlled substance therapy nor requested drug screens as required by the Pain Rules.”
 

 The Board concedes that its findings are not squarely within the scope of the allegations of the complaint but, rather, relate to J.R.’s testimony before the panel. The Board contends that, as J.R. was the appellant’s own witness and he offered no objection to her testimony at the hearing, the appellant cannot now argue that he was prejudiced by the panel’s consideration and subsequent findings based on her testimony. We agree.
 

 Next, the appellant argues that the Board went beyond the allegations in the Administrative Complaint and the scope of the Pain Rules in finding that he failed to address elevated blood pressure in patients J.L. and J.B. and hepatitis C in patient J.F. The Board concedes that these incidental findings do not fall within the scope of Pain Rule violations.
 

 In addition, the appellant contends that the Board’s finding that he failed to order a drug screen or justify the use of multiple narcotics for patient K.H. and failed to give M.A. a physical examination appropriate to the complaints went ^beyond the scope of the allegations in the Administrative Complaint pertinent to those patients. The Board concedes that these findings went beyond the specific allegations with regard to these patients.
 

 Accordingly, we strike the Board’s findings with regard to patients J.L., J.B., and J.F. which do not fall within the scope of the Pain Rules and the Board’s finding pertaining to K.H. and M.A. which go beyond the scope of the allegations in the Administrative Complaint. However, the remaining findings adverse to the appellant on matters alleged with particularity and on which he had notice were conclusively proven and are sufficient to support the penalties imposed by the Board.
 

 Assignment of Error No. 5
 

 Next, the appellant argues that the requirements in the Pain Rules for a drug screen based on a “reasonable belief’ of drug abuse or diversion and for an “appropriate physical examination” are unconstitutionally vague or, alternatively, that the Board failed to prove that Dr. Pastorek’s assessments of drug abuse or diversion were unreasonable, and that his physical examinations were inappropriate. In addition, the appellant submits that the Board’s factual findings are not supported by the record, the penalty imposed is overly harsh, and Board’s denial of his request for a public hearing was arbitrary and capricious.
 

 
 *840
 
 Because laws and regulations are presumed to be constitutional, the party asserting the unconstitutionality of a law or regulation bears the burden of establishing that fact.
 
 Reaux v. Louisiana Bd. of Medical Examiners,
 
 00-0906 (La. App. 4 Cir. 5/21//03), 850 So.2d 723;
 
 Armstrong
 
 at pp. 10-11, 868 So.2d at 838 (citation omitted). On appeal, it is the appellant’s burden to prove that the record 110contains no facts to establish the validity of the charges levied against him.
 
 Armstrong
 
 at p. 11, 868 So.2d at 838.
 

 It is notable that appellant never complained to the panel made up of his peers that he was unable to perform an “appropriate physical exam” because the term was not defined in the Pain Rules or that he did not understand the meaning of “reasonably believes that the patient is suffering from substance abuse or that he is diverting controlled substances.” Presumably, what constitutes “an appropriate physical exam” is learned in medical school and what constitutes “reasonable belief’ is obvious to any physician. In any event, the appellant in this case clearly ignored behavioral indicators, implicit or explicit admissions by the patients, written evidence of doctor shopping, and even records from a substance abuse center. Accordingly, the appellant did not sustain his burden of establishing that the Pain Rules are unconstitutionally vague. As previously noted, even removing the problematic evidence from consideration, there is sufficient evidence in the record to support the Board’s findings. In light of the evidence, the Board’s penalty appears lenient and we find no merit in the appellant’s argument that the penalty is overly harsh or an abuse of discretion. Finally, the appellant does not indicate how he was prejudiced by the Board’s denial of his request for a public hearing or why he is entitled to a public hearing and, accordingly, the appellant’s assertion that the denial of his request was arbitrary or capricious is baseless.
 

 This assignment of error is without merit.
 

 Conclusion
 

 The judgment of the trial court is affirmed.
 

 AFFIRMED.